IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA LAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-CV-5018-SW-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Cynthia Layne seeks judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments but retained the residual functional capacity ("RFC") to perform her past relevant work as a cabinet assembler, wire bender, filler, and hand presser.

Because the ALJ's opinion is supported by substantial evidence on the record as a whole, the Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed her pending applications on September 8, 2011, alleging a disability onset date of April 1, 2006. After the Commissioner denied her applications, Plaintiff requested an ALJ hearing. On December 20, 2012, the ALJ found that Plaintiff was not disabled. The Social Security Administration Appeals Council denied Plaintiff's request for review on December 20, 2013, leaving the ALJ's decision as the

Commissioner's final decision.  Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact.  *Buckner*, 646 F.3d at 556.

## Analysis

The Commissioner of Social Security follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).  At Step Four, the claimant is deemed not disabled if the ALJ finds her RFC permits her to perform her past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(a)(4)(iv), (f).  An RFC is the most an individual can still do despite her physical or mental limitations.  *Id.* §§ 404.1545(a)(1),

416.945(a)(1). The ALJ here formulated an RFC for Plaintiff, R. at 14, then found that her RFC did not preclude her from performing past relevant work. R. at 18.

Plaintiff challenges how the ALJ formulated her RFC. She argues the ALJ erred by: (1) rejecting an opinion by Modaser Shah, M.D. ("Dr. Shah"); and (2) failing to specifically describe her physical limitations. Neither argument has merit.

### I. The ALJ properly rejected Dr. Shah's mental medical source statement.

Dr. Shah completed a mental medical source statement[1] opining that Plaintiff had marked limitations in many work-related, mental tasks. R. at 756–57. The ALJ rejected this statement, R. at 18, which Plaintiff claims was error.

An ALJ must determine a claimant's RFC based on all of the record evidence, including medical evidence. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012). The ALJ should accord a treating physician's opinion controlling weight in this determination so long as it is well-supported by medically acceptable diagnostic techniques and not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Myers v. Colvin*, 721 F.3d 521, 525 (8th Cir. 2013). Nonetheless, an ALJ may discount or disregard a treating physician's opinion where it is inconsistent with other substantial evidence in the record, such as additional medical evidence or the claimant's testimony. *Myers*, 721 F.3d at 525.

The ALJ did not err in discounting Dr. Shah's statement for several reasons. First, Dr. Shah's statement is not supported by mental assessment findings elsewhere in the record. *See Haught v. Astrue*, 293 F. App'x 428, 429 (8th Cir. 2008).[2] Second, Dr. Shah's statement is based

---

[1] A medical source statement "is a checklist evaluation in which the responding physician ranks the patient's abilities, and is considered a source of objective medical evidence." *Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005) (internal quotation marks omitted).

[2] Among the few pieces of objective medical evidence supporting Dr. Shah's medical source statement were Global Assessment of Functioning ("GAF") scores of 45 and 52. The ALJ permissibly ignored these scores. *See McGee v. Colvin*, 14-CV-35-DGK-SSA, 2015 WL 58484, at *3 (W.D. Mo. Jan 5, 2015) ("While [scores of 50] may suggest

3

primarily on Plaintiff's subjective complaints, which the ALJ properly discounted. *See Teague v. Astrue*, 638 F.3d 611, 615–16 (8th Cir. 2011) (concluding an ALJ properly discounted a physician's report, in part because it "cited only limitations based on [the claimant's] subjective complaints, not his own objective findings"). Third, the medical source statement is conclusory. *See Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) ("[A] conclusory checkbox form has little evidentiary value when it cites no medical evidence, and provides little to no elaboration."). Fourth, Dr. Shah issued his opinion without reference to other salient record evidence, including Plaintiff's failure to take her medication as directed. R. at 286–87; *see Wildman v. Astrue*, 596 F.3d 959, 964–65, 967–68 (8th Cir. 2010) (failing to account for other evidence provided to the doctor, such as the claimant's noncompliance, can constitute evidence that is inconsistent with the treating physician's medical opinion).

Fifth, and most significantly, the record contains other, contradictory medical assessments that were more thoroughly supported, including the multiple opinions of Rex Gallemore, M.D. that Plaintiff's anxiety and depression were "controlled," R. at 295–97, 313, and emergency room records spanning four years that found Plaintiff had normal mood and affect with no symptoms of depression or anxiety. *E.g.* R. at 234, 272, 358, 367, 412, 470, 556, 658, 747; *see Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) ("[The ALJ may] discount or disregard a treating physician's opinion where other medical assessments are supported by better or more thorough medical evidence.").

Although some medical evidence does support Dr. Shah's medical source statement, the record as a whole contains substantial evidence supporting the ALJ's rejection of Dr. Shah's statement such that his decision was within the "zone of choice." *Cf. Hawk v. Colvin*, No. 5:12-

---

the existence of a serious mental disorder and accompanying symptoms, they do not necessarily prove that the disorder causes disabling limitations. Moreover, where, as here, the bare GAF scores conflict with other objective evidence, they are entitled to little, if any, weight." (internal citation omitted)).

4

6151-DGK-SSA, 2013 WL 6482739, at *3 (W.D. Mo. Dec. 10, 2013) (where an ALJ discounted a doctor's opinion, remanding because the *only* conflict between that opinion and the remainder of the record was a single, seemingly inconsistent comment by the doctor). This argument fails.

**II. The ALJ's RFC formulation is well-supported by the record evidence.**

In his RFC formulation, the ALJ's only physical restriction was that Plaintiff was limited to "light work" as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).[3] R. at 14. Plaintiff contends that the ALJ's RFC formulation is flawed because he "failed to address any physical limitations specifically" (Doc. 7 at 17).

The ALJ thoroughly discussed Plaintiff's physical limitations. R. at 14–18. For instance, the ALJ acknowledged Plaintiff's decreased range of motion in the elbow and hip. R. at 15. He continued, "Clinical findings on physical exam[s] were otherwise generally within normal limits, including negative straight leg raise and normal gait, joint ranges of motion, limb muscle tone and strength, sensation, coordination, and orientation." R. at 15 (citing R. at 184–450, 466–664, 687–91, 707–09, 720–51). The ALJ considered an opinion that Plaintiff could perform *at least* sedentary work, but concluded she was not *limited* to sedentary work: "In light of the few findings of lumbar spine degenerative spondylosis and right elbow degenerative changes, however, and fully considering the subjective complaints reasonably supported by these findings, the undersigned finds the claimant is capable of light, rather than sedentary, work." R. at 17. On

---

[3] These regulations define "light work" as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

5

the whole, the ALJ's finding that Plaintiff could perform light work is supported by substantial record evidence.

As used in the Regulations, the exertional category of "light work" implicates a few categories of limitations not explicitly discussed by the ALJ, such as the exact number of hours Plaintiff can stand and sit each workday.  However, the ALJ's failure to explicitly discuss the number of hours Plaintiff could sit and stand is not fatal because by emphasizing Plaintiff's normal clinical findings, the ALJ implicitly found she was not limited in these functions.  *See Depover v. Barnhart*, 349 F.3d 563, 567–68 (8th Cir. 2003).  Thus, the ALJ committed no procedural error in failing to quantify Plaintiff's standing and sitting restrictions.  Plaintiff's second argument fails.

## Conclusion

Because it is supported by substantial evidence on the record as a whole, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  January 28, 2015              /s/ Greg Kays
                                     GREG KAYS, CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT